

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DIANA JORDAN, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION 3:20-3103-MGL-SVH |
| § | |
| LEON LOTT and HOWARD HUGHES, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

Diana Jordan (Jordan), who is self represented, filed this action against Defendants Leon Lott and Howard Hughes for alleged civil rights violations. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Jordan's motion to proceed in forma pauperis be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 31, 2020, and Jordan filed her objections on September 14, 2020. The Court has carefully reviewed Jordan's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

"A district court has discretion to grant or deny an in forma pauperis petition filed under [the informa pauperis statute]. This discretion, however, is limited to a determination of the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980) (citations omitted) (internal quotation marks omitted).

Turning first to the poverty requirement, although by no means binding on this Court, the Court looks to the district court in Texas for guidance, which posed the following three questions:

[1] Is [the plaintiff] barred from the Federal Courts by reason of [having very little money]?
[2] Is access to the courts blocked by the imposition of an undue hardship?
[3] Is [the plaintiff] forced to contribute his last dollar, or render [herself] destitute to prosecute his claim?

*Carter v. Telectron, Inc.*, 452 F.Supp. 939, 943 (S.D. Tex. 1976) (citations omitted).

There is nothing in the record to suggest Jordan will be required to choose between abandoning a potentially meritorious claim or foregoing the necessities of life to pay the $400 filing fee. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) ("To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges.") It also does not appear that paying the fee would render Jordan

2

destitute or impose an undue hardship or effectively block Jordan's access to the courts. Accordingly, the Court concludes she is unable to satisfy the poverty requirement.

Further, as the Magistrate Judge states in the Report,

> [Jordan] is a frequent filer of federal lawsuits and filed at least twenty-four lawsuits in 2018–19. In the 20 days preceding this order, [Jordan] filed five lawsuits. The [C]ourt granted [Jordan] in forma pauperis status in [several] of her cases, and each case was summarily dismissed or recommended for summary dismissal, for failure to state a claim upon which relief may be granted. [Jordan] has repeatedly been informed, through reports and recommendations, that federal courts are courts of limited jurisdiction. [Jordan], however, persists in filing lawsuits, such as the one currently under review, that are facially inadequate to state plausible federal claims,2 placing an unreasonable demand on limited judicial resources. The right to proceed in forma pauperis is not without limitations and [Jordan's] continued filing of frivolous cases further supports the denial of her in forma pauperis application. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989) ("Abusers of the judicial process are not entitled to sue . . . without paying the normal filing fees.").

Report 4-5 (footnote omitted).

Thus, Jordan has also failed to satisfy the good faith and merit-of-the-claim requirement for informa pauperis status to be proper. Her conclusory statements that she qualifies, without more, are insufficient to show she meets the requirements for informa pauperis status. As such, the Court concludes Jordan is not entitled to have her in forma pauperis motion granted.

As such, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Jordan's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court Jordan's motion to proceed in forma pauperis is **DENIED**.

Accordingly, Jordan shall have until November 1, 2021, to submit the $402 filing fee for this case to the Clerk of Court. If she fails to do so, this case will be dismissed without prejudice.

**IT IS SO ORDERED**.

Signed this 18th day of October, 2021, in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis
                                                  MARY GEIGER LEWIS
                                                  UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Jordan is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.